UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

BERNARD S. SOUTHERLAND,

                Plaintiff,

    -against-

The New York City Housing Authority; SONYA
M. KALOYANIDES, Acting General Counsel and
Attorney of Record for NYCHA, in her official
capacity and individually; IRENE KAMBOS,
Attorney for NYCHA, in her official capacity and
individually; JOAN PANNELL, NYCHA Hearing
Officer, in her official capacity and individually;
RAQUEL MIRANDA in her official capacity and
individually; REGINA CHU, Current Project
Manager for NYCHA, in her official capacity and
individually; EARL ROBERTS, Former Project
Manager for NYCHA; CHANELLE DAVIS,
Housing Assistant for NYCHA, in her official
capacity and individually; Kings County Landlord/
Tenant Court; OYMIN CHIN in her official capacity
as a Judge and individually; MARIA MILIN in her
official capacity as a Judge and individually;

                Defendants.
-----------------------------------------------------------x

**MEMORANDUM and ORDER**
**10-CV-5243 (SLT)**

TOWNES, United States District Judge.

On November 15, 2010, plaintiff Bernard S. Southerland, a New York City Housing
Authority ("NYCHA") tenant, filed this fee-paid, *pro se* action seeking an injunction to prevent
defendants from evicting plaintiff and unspecified damages for alleged violations pursuant to 42
U.S.C. §§ 1983, 1985, 1988 and 18 U.S.C. §§ 242 and 245. Subsequently, plaintiff requested that
this Court: (1) issue a temporary restraining order; and (2) direct defendants to show cause why the
Court should not issue a preliminary injunction enjoining defendants from evicting him from his
NYCHA residence. As set forth below, this Court denies plaintiff's request without prejudice and

directs plaintiff to amend his complaint within 30 days of the date of this Memorandum and Order.

## Background

Plaintiff's complaint alleges that "defendants have failed to provide essential building services" including but not limited to "lack of elevator service," "refrigerator leaking," and "failure to provide security." Compl. at ¶ 22. Plaintiff also refers to an "administrative hearing process" as well as a bankruptcy proceeding and sues, among others, two judges presiding in landlord-tenant court in Kings County. Compl. at ¶ 23. Plaintiff files the instant fee-paid action alleging civil rights violations under 42 U.S.C. § 1983, malicious abuse of process, denial of a fair administrative hearing, denial of due process, and violation of a bankruptcy injunction. Compl. at ¶¶ 26-41.

Plaintiff's complaint also alleges that defendants "retaliat[ed] due to the fact respondent spoke[]out about the illegal tenant[s] Association, and how the Administrative hearing process denies tenants due process and forces tenant[s] to accept probation or face termination." Complaint at ¶ 22.

Plaintiff also filed an Affirmation in support of his request for this Court to: (1) issue a temporary restraining order; and (2) direct defendants to show cause why the Court should not issue a preliminary injunction enjoining defendants from evicting him from his NYCHA residence. [Docket Nos. 3 and 4.] The affirmation states that plaintiff and his family "will be homeless and suffer immediate and irreparable injury, loss, and damage. . ." Affirmation at 3-4.

## Standard of Review

In reviewing plaintiff's complaint, the Court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation marks omitted); *Sealed Plaintiff v.*

*Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need not include "detailed factual allegations," but it must do more than put forth "labels and conclusions." *Id.* at 555. A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). If the Court determines that the action is frivolous, the court may dismiss the complaint *sua sponte* even if the plaintiff has paid the filing fee. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) *(per curiam)*.

**Request for Injunctive Relief**

With respect to plaintiff's request for injunctive relief, this Court notes that both temporary restraining orders and preliminary injunctions are extraordinary remedies "that should not be granted as a routine matter." *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 80 (2d Cir. 1990); *D.D. v. New York City Bd. of Educ.*, CV-03-2489 (DGT), 2004 WL 633222, at *23 (E.D.N.Y. Mar. 30, 2004). To obtain either a temporary restraining order or preliminary injunction, the moving party must show "that 1) absent injunctive relief, it will suffer irreparable harm, and 2) either a) that it is likely to succeed on the merits, or b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party." *Otokoyama Co. Ltd. v. Wine of Japan Import, Inc.*, 175 F.3d 266, 270 (2d Cir. 1999).

"[T]here is no hard and fast rule in this circuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it." *Maryland Cas. Co. v. Realty Advisory Bd. on Labor Rels.*, 107

3

F.3d 979, 984 (2d Cir. 1997)(internal quotations and citations omitted). Indeed, motions for preliminary injunctions are "frequently denied if the affidavits [in support of the motion] are too vague or conclusory to demonstrate a clear right to relief under Rule 65." 11A C.Wright & A. Miller, *Fed. Practice & Proc.*, § 2949 (2004); *see, e.g.*, *McGillicuddy v. Laidlaw, Adams & Peck, Inc.*, No. 88 Civ. 4928, 1995 WL 1081307, at *12, n. 19 (S.D.N.Y. Aug. 14, 1995)(summarily denying an application for preliminary injunctive relief where the movant's papers failed to demonstrate a basis for granting "this extraordinary remedy").

Plaintiff's Affirmation alleges that he has a "weekly cable show," that he has made "report[s] to City, State, and Federal government agencies [about]. . .dangerous conditions. . .in the buildings," and that his "eviction is [a] retaliatory one." Affirmation at 4. However, plaintiff also alludes to on-going landlord-tenant proceedings, stating that he was recently "denied a stay from Landlord/Tenant Court in the Kings County," where presumably he had the opportunity to raise these issues. Affirmation at 4. Accordingly, plaintiff's Affirmation is insufficient to establish that plaintiff is likely to succeed on the merits.

**The Sufficiency of Plaintiff's Complaint**

In this connection, this Court notes that plaintiff's complaint itself does not allege sufficient facts to put defendants on notice regarding plaintiff's claims. Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff's complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *See Goonewardena v. State of New York*, 475 F. Supp.2d 310, 320 (2d Cir. 2007) (quoting Fed. Rule Civ. Pro. 8(a)(2)). The "statement should be plain because the principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial."

4

*Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted); *Gillette Co. v. Philips Oral Healthcare, Inc.*, 2001 WL 1442637, *7 (S.D.N.Y. 2001) (internal citations in original). Additionally, "[a]lthough Fed. R. Civ. P. 8 does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 2001 WL 604902, at *1 (2d Cir. 2001) (internal quotations and citations omitted) (dismissing complaint because plaintiff "lump[ed] all the defendants together" and "provid[ed] no factual basis to distinguish their conduct"). Accordingly, plaintiff's complaint "must, at the very least, fairly inform [each defendant] of the nature of the claims asserted, so that [a defendant] can understand those claims, and be able to prepare an answer and an adequate defense." *Gillette Co.*, 2001 WL 1442637 at *7.

Plaintiff's complaint fails to give the defendants fair notice of plaintiff's claims and fails to allege facts against each individual and agency. Plaintiff's statement of facts lists allegations against "defendants" generally, however, it fails to distinguish defendants' conduct or allege facts against any individual defendant. *See, e.g., Atuahene*, 2001 WL 604902 at *1 ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff's] complaint failed to satisfy this minimum standard, even after the district court graciously accorded him several opportunities to correct its manifest flaws."). Moreover, plaintiff's complaint fails to state how defendants violated 42 U.S.C. §§ 1983, 1985, 1988 or 18 U.S.C. §§ 242 and 245, the statutes under which plaintiff seeks relief.

Additionally, Plaintiff's complaint appears to be alleging a claim for First Amendment retaliation, however, it does not specify which defendants are associated with these allegations.

Complaint at ¶ 22. Thus, plaintiff's complaint should be dismissed without prejudice for failure to state a claim under Rule 8(a).

**Leave to Amend**

When addressing a *pro se* complaint, a district court "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.2000) (internal quotation and citation omitted); *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").

Accordingly, in light of this Court's duty to liberally construe *pro se* complaints, plaintiff is given 30 days from the date of this Order to file an amended complaint. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). Plaintiff is directed that his amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Should plaintiff elect to file an amended complaint, plaintiff is directed to name as proper defendants those individuals who have some personal involvement in the actions he alleges in the amended complaint and provide the dates and locations for each relevant event. Even if plaintiff does not know the names of the individuals, he may identify each of them as John Doe or Jane Doe. To the best of his ability, plaintiff must describe each individual and the role he or she played in the alleged deprivation of his rights. In addition, he must set forth the factual allegations to support his claim against each named defendant, the dates and locations of all relevant events and the relief he is seeking.

The amended complaint must be captioned as an "Amended Complaint," name all individual defendants in the caption, and bear the same docket number as this Order. No summons shall issue at this time and all further proceedings shall be stayed for 30 days counted

6

from the date of this Order.

If plaintiff fails to amend his complaint within 30 days as directed by this order, the Court shall dismiss this complaint.

## Conclusion

For the reasons stated above, this Court denies plaintiff's request without prejudice and directs plaintiff to amend his complaint within 30 days of the date of this Memorandum and Order.

SO ORDERED.

Dated: Brooklyn, New York
    November 23, 2010

SANDRA L. TOWNES
United States District Judge