UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BERNARD S. SOUTHERLAND,

                Plaintiff,

-against-

The New York City Housing Authority; SONYA
M. KALOYANIDES, Acting General Counsel and
Attorney of Record for NYCHA, in her official
capacity and individually; IRENE KAMBOS,
Attorney for NYCHA, in her official capacity and
individually; JOAN PANNELL, NYCHA Hearing
Officer, in her official capacity and individually;
RAQUEL MIRANDA in her official capacity and
individually; REGINA CHU, Current Project
Manager for NYCHA, in her official capacity and
individually; EARL ROBERTS, Former Project
Manager for NYCHA; CHANELLE DAVIS,
Housing Assistant for NYCHA, in her official
capacity and individually; JOHN and JANE DOES,
as agents for NYCHA in their official capacity and
individually; Kings County Landlord/Tenant Court;
OYMIN CHIN in her official capacity as a Judge
and individually; MARIA MILIN in her official
capacity as a Judge and individually,

                Defendants.
-----------------------------------------------------------x

**MEMORANDUM and ORDER**
**10-CV-5243 (SLT)**

TOWNES, United States District Judge.

On November 15, 2010, plaintiff Bernard S. Southerland, a New York City Housing Authority ("NYCHA") tenant, filed this fee-paid, *pro se* action seeking an injunction to prevent defendants from evicting plaintiff and unspecified damages for alleged violations pursuant to 42 U.S.C. §§ 1983, 1985 and 18 U.S.C. §§ 242 and 245. Plaintiff also requested that this Court issue a temporary restraining order and a preliminary injunction. By Memorandum and Order dated November 23, 2010, the Court denied plaintiff's request for injunctive relief and directed plaintiff to file an amended complaint. On January 4, 2011, plaintiff filed an amended complaint. On January

6, 2011, plaintiff requested that this Court: (1) issue a temporary restraining order; and (2) direct defendants to show cause why the Court should not issue a preliminary injunction enjoining defendants from evicting him from his NYCHA residence. As set forth below, this Court denies plaintiff's request without prejudice and dismisses plaintiff's amended complaint.

## Background

Plaintiff's amended complaint reiterates the same allegations raised in the original complaint, with the exception of allegations regarding First Amendment retaliation, which appeared to be alleged in his original complaint. *See* Original Complaint at ¶ 22. Plaintiff sets forth his difficulties with NYCHA dating back to 1996 when he became a NYCHA tenant up to the present where he is subject to eviction "set for Monday January 10, 2011." Amended Compl. at 15. Plaintiff's additional allegations continue along the same vein, that is, they concern landlord-tenant matters. Plaintiff seeks an "injunction stopping defendant from evicting [him]" and unspecified damages. *Id.*

## Standard of Review

In reviewing plaintiff's amended complaint, the Court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint need not include "detailed factual allegations" but it must do more than put forth "labels and conclusions." *Id.* at 555. A claim will be considered "plausible on its face" "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *accord Cave v. East Meadow Union Free School Dist.*, 514 F.3d 240, 250 (2d Cir. 2008). If the Court determines that the action is frivolous, the Court may dismiss the complaint *sua sponte* even if the plaintiff has paid the filing fee. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) *(per curiam)*.

### A. No Subject Matter Jurisdiction over Landlord-Tenant Matters

The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim "arising under" the Constitution or laws of the United States. He invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* § 1332(a). *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006) (quotation omitted). Although plaintiff brings this action pursuant to 42 U.S.C. § 1983 and other federal statutes, thereby invoking federal question jurisdiction, the amended complaint is dismissed pursuant to Fed. R. Civ. P. 12 (h)(3) because plaintiff fails to set forth any facts to suggest that this Court has subject matter jurisdiction over this action.

The sum and substance of plaintiff's claims are related to his landlord-tenant matters. Landlord-tenant matters arise under state law and not under federal law. *Rosquist v. St. Mark's Realty Assoc.*, No. 08-CV-2764, 2008 WL 2965435, at *2 (E.D.N.Y. Aug. 1, 2008) (citing *Galland v. Margules*, No. 05 Civ. 5639, 2005 WL 1981568, at *1 (S.D.N.Y. Aug. 17, 2005) ("federal courts do not have federal question subject matter jurisdiction over state residential landlord-tenant matters.") (citing cases)). Plaintiff cannot repackage his landlord-tenant claims as § 1983 claims in

3

order to confer federal question jurisdiction. *Galland*, 2005 WL 1981568 at *2 (citing *Village of Millbrook v. Forrest*, 903 F.Supp. 599, 600 (S.D.N.Y. 1995); *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989); *see also Bell v. Hood*, 327 U.S. 678, 682-83 (1946) (a claim invoking federal-question jurisdiction under 28 U.S.C. § 1331, may be dismissed for want of subject-matter jurisdiction if it is "immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous.").

## B. Claims against Judicial Defendants

Even if the Court had subject matter jurisdiction over plaintiff's landlord-tenant matters, which it does not, plaintiff's claims against Judges Chin and Milin would be dismissed. Judges have absolute immunity from suit for judicial acts performed in their judicial capacities. *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009); *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*per curiam*) ("judicial immunity is an immunity from suit, not just from the ultimate assessment of damages.") (citation omitted). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge be "deprived of immunity because the action [s]he took was in error . . . or was in excess of h[er] authority." *Mireles*, 502 U.S. at 11 (quotation omitted).

To the extent plaintiff sues Judges Chin and Milin in their individual capacities seeking injunctive relief rather than money damages, the claim must also be dismissed. Pursuant to the Federal Courts Improvement Act (FCIA), Pub.L. No. 104-317, 110 Stat. 3847 (1996), § 309(c) bars injunctive relief in any § 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." *Id.* § 309(c), 110 Stat. at 3853 (amending 42 U.S.C. § 1983). *See Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2004) (injunctive relief); *Guerin v. Higgins*, 8 Fed. Appx 31 (2d

Cir. 2001) (declaratory relief). Therefore, the claims against defendants Oymin Chin and Maria Milin, are dismissed as they are immune and these claims against them are frivolous. *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'") (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

### C. Other Claims

First, Plaintiff's recitation of Section 242 and 245 of the United States Criminal Code and references to his Bankruptcy Court action are unavailing. Violations of the Criminal Code cannot serve as the basis for a civil cause of action unless the statute includes an express or implied private right of action. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994); *Tsabbar v. Booth*, 293 F.Supp.2d 328, 335 (S.D.N.Y. 2003) (finding that the civil rights provisions of Title 18 of the United States Code do not allow a private right of action). The Court offers no opinion on plaintiff's bankruptcy matter which should be raised, if appropriate, in the United States Bankruptcy Court for the district in which plaintiff resides.

Second, plaintiff's claims against all defendants still fail to comply with Rule 8(a) of the Federal Rules of Civil Procedure. In its November 23, 2010 Order, this Court directed plaintiff, to the best of his ability, to describe each individual and the role he or she played in the alleged deprivation of his rights. [Docket No. 6 at 6.] In addition, the Court directed plaintiff to set forth the factual allegations to support his claim against each named defendant, the dates and locations of all relevant events and the relief he seeks. Plaintiff's amended complaint fails to allege facts describing each defendant's role in the alleged violations, thus, his complaint does not meet Rule 8(a)'s pleading standard.

## D. Request for Injunctive Relief

With respect to plaintiff's request for injunctive relief, this Court notes that both temporary restraining orders and preliminary injunctions are extraordinary remedies "that should not be granted as a routine matter." *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 80 (2d Cir. 1990); *D.D. v. New York City Bd. of Educ.*, CV-03-2489 (DGT), 2004 WL 633222, at *23 (E.D.N.Y. Mar. 30, 2004). To obtain either a temporary restraining order or preliminary injunction, the moving party must show "that 1) absent injunctive relief, it will suffer irreparable harm, and 2) either a) that it is likely to succeed on the merits, or b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party." *Otokoyama Co. Ltd. v. Wine of Japan Import, Inc.*, 175 F.3d 266, 270 (2d Cir. 1999).

"[T]here is no hard and fast rule in this circuit that oral testimony must be taken on a motion for a preliminary injunction or that the court can in no circumstances dispose of the motion on the papers before it." *Maryland Cas. Co. v. Realty Advisory Bd. on Labor Rels.*, 107 F.3d 979, 984 (2d Cir. 1997)(internal quotations and citations omitted). Indeed, motions for preliminary injunctions are "frequently denied if the affidavits [in support of the motion] are too vague or conclusory to demonstrate a clear right to relief under Rule 65." 11A C. Wright & A. Miller, *Fed. Practice & Proc.*, § 2949 (2004); *see, e.g., McGillicuddy v. Laidlaw, Adams & Peck, Inc.*, No. 88 Civ. 4928, 1995 WL 1081307, at *12, n. 19 (S.D.N.Y. Aug. 14, 1995)(summarily denying an application for preliminary injunctive relief where the movant's papers failed to demonstrate a basis for granting "this extraordinary remedy").

Plaintiff's Amended Complaint alleges that he has made "numerous complaints to

6

government agencies" regarding the defendants alleged failure "to provide essential building services." Amended Complaint at ¶ 23. However, plaintiff also alludes to on-going landlord-tenant proceedings in which plaintiff claims, "The Kings County Landlord/Tenant Court has not or refuse[d] to have NYCHA defendants...uphold the law...", where presumably he had the opportunity to raise these issues. Amended Complaint at ¶ 66. Accordingly, plaintiff's Affirmation is insufficient to establish that plaintiff is likely to succeed on the merits.

## Conclusion

Having been provided with an opportunity to amend, plaintiff still fails to state how each defendant violated 42 U.S.C. §§ 1983, 1985 or 18 U.S.C. §§ 242 and 245, the statutes under which plaintiff seeks relief. Accordingly, plaintiff's amended complaint is dismissed as set forth above. Any state law and bankruptcy related claims are dismissed without prejudice. This Court also denies plaintiff's request for a temporary restraining order and preliminary injunction.

Although plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment and close this case. SO ORDERED.

Dated: Brooklyn, New York
January 7, 2011

/s/
SANDRA L. TOWNES
United States District Judge